**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANTHONY RAY ALLEN (#324542)**                                  **CIVIL ACTION**

**VERSUS**

**18TH JUDICIAL JUDGE JAMES BEST**                         **NO. 10-0415-FJP-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY RAY ALLEN (#324542)                                        CIVIL ACTION

VERSUS

18TH JUDICIAL JUDGE JAMES BEST                                     NO. 10-0415-FJP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, a prisoner confined at the Bossier Medium Correctional Center, Plain Dealing, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana District Judge James Best. The plaintiff complains that he was recently sentenced to five (5) years in confinement in the 18th Judicial District Court for the Parish of Pointe Coupee, and that he has not been given credit toward his sentence for time served in confinement prior to sentencing and for time spent in an inpatient treatment program. He prays to be awarded the referenced credit for time served.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's claim is not properly before this Court. First, pursuant to clearly established

law, the defendant is protected by the doctrine of absolute judicial immunity. While such immunity is a question of law to be determined on the facts of each case, Brewer v. Blackwell, 692 F.2d 387 (5th Cir. 1982), it is clear that this immunity extends to suits arising from acts performed in a judicial role. The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity. See, e.g., Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Brewer v. Blackwell, supra, at p. 396. See also Ammons v. Baldwin, 705 F.2d 1445 (5th Cir. 1983), cert. denied, 465 U.S. 1006, 104 S.Ct. 999, 79 L.Ed.2d 232 (1984). Moreover, this immunity applies however erroneous the act and however evil the motive. Johnson v. Kegans, 870 F.2d 992 (5th Cir. 1989). Applying this test here, it is clear that the actions of Judge Best have constituted judicial actions which are within the scope of the defendant's judicial authority. Therefore, the defendant is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal.

Further, in the alternative, to the extent that the plaintiff seeks to be awarded credit for time served in confinement and for time spent in an inpatient treatment program, his claim is more appropriately asserted in a habeas corpus claim brought pursuant to 28 U.S.C. § 2241 because he challenges the manner in which his criminal sentence is being executed, and because a favorable resolution of his claim would potentially entitle him to immediate or earlier release. Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987). In addition, the plaintiff should be advised that, before bringing a habeas corpus claim in federal court, it is necessary for him to first exhaust his claims by presenting them to the state courts, through and including the Louisiana Supreme Court, which he apparently has not done. Moreover, prior to seeking relief under 42 U.S.C. § 1983 for injury attributable to an alleged wrongful confinement, the plaintiff must mount a successful challenge to such confinement. See Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)(holding that, in order to seek relief under § 1983 for an allegedly unconstitutional conviction or imprisonment, a claimant must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.).  The plaintiff has made no suggestion in the record that he has mounted such a successful challenge to the defendant's alleged wrongful actions in this case.  Accordingly, based on the foregoing, and because it is clear that the plaintiff's claim has no arguable basis in fact or in law, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915 and 1915A.[1]

Signed in Baton Rouge, Louisiana, on July 27, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1]  The plaintiff is placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."